**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0515, <u>State of New Hampshire v. Scott Chandler</u>, the court on September 27, 2022, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Scott Chandler, appeals his conviction following a bench trial in Circuit Court (<u>Quigley</u>, J.) on one misdemeanor count of resisting arrest. <u>See</u> RSA 642:2 (2016). We affirm in part, vacate in part, and remand.

On appeal, the defendant first challenges the sufficiency of the evidence to convict him of resisting arrest. <u>See</u> <u>id</u>. "A challenge to the sufficiency of the evidence raises a claim of legal error; therefore, our standard of review is <u>de novo</u>." <u>State v. Vincelette</u>, 172 N.H. 350, 354 (2019). "To prevail upon a challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt." <u>Id</u>.

To convict the defendant of resisting arrest, the State had to prove, beyond a reasonable doubt, that he "knowingly or purposely physically interfere[d] with a person recognized to be a law enforcement official . . . seeking to effect an arrest or detention of the person or another regardless of whether there [was] a legal basis for the arrest." RSA 642:2. "Verbal protestations alone" do not constitute resisting arrest or detention. <u>Id</u>.

For the purposes of this appeal, the defendant does not dispute that he engaged in the following conduct: (1) when the arresting officer first requested him to exit his vehicle, the defendant refused by sitting still; (2) when the arresting officer again asked the defendant to exit the vehicle, he "pulled out a phone, asked [the officer] if he knew Regina Barnes, a Hampton selectwoman, and made a call"; (3) when the person the defendant dialed did not answer, and the officer again asked him to exit the vehicle, the defendant exited the vehicle, but when the officer tried to handcuff him, the defendant turned towards the car and started reaching inside of it; (4) when the officer told the defendant to stop resisting, the defendant held the steering wheel with his left hand; (5) when the officer grabbed the defendant's left wrist and twisted it until he released the steering wheel, the defendant grabbed the steering wheel with his right hand; and (6) the officer could not handcuff the defendant until the officer had grabbed his right wrist and twisted it until he released the steering wheel

and told him to "turn around and stop resisting." (Quotations omitted.) Viewing this evidence and the reasonable inferences drawn therefrom in the light most favorable to the State, we conclude that it was sufficient for the trial court to have found, beyond a reasonable doubt, that the defendant knowingly or purposely physically interfered with the officer, who sought to arrest him, and therefore, that the defendant resisted arrest.

The defendant argues that the evidence was insufficient to convict him of resisting arrest "because the conduct alleged and proved here constituted only a de minimis act of physical interference." His argument relies upon our recognizing, for the first time, "the defense of an inconsequential or de minimis violation in criminal prosecutions." (Quotation omitted.) The defendant acknowledges that New Hampshire, unlike some jurisdictions, has not codified such a defense. He argues, however, that the defense has common law roots "as the doctrine de minimis non curat lex," and that the legislature did not abrogate the doctrine when it adopted the New Hampshire Criminal Code. The defendant observes that the "Latin phrase translates as: 'The law does not care for, or take notice of, very small or trifling matters. The law does not concern itself about trifles.'" (Quoting Black's Law Dictionary 431 (6th ed. 1990).)

The defendant raises this argument under our plain error rule, which allows us to exercise our discretion to correct errors not raised in the trial court. State v. Euliano, 161 N.H. 601, 605 (2011); see Sup. Ct. R. 16-A. The rule, however, should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result. State v. Guay, 164 N.H. 696, 704 (2013). To find plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights. State v. Thomas, 168 N.H. 589, 604 (2016). If all three conditions are met, we may then exercise our discretion to correct a forfeited error only if the error meets a fourth criterion: the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. Id.

"For the purposes of the plain error rule, an error is plain if it was or should have been obvious in the sense that the governing law was clearly settled to the contrary." State v. Panarello, 157 N.H. 204, 209 (2008) (quotation omitted). Ordinarily, "the plain error rule is not met when the case presents a question of first impression." Aranosian Oil Co. v. State of N.H., 168 N.H. 322, 331 (2015). As we have explained, "[w]hen the law is not clear at the time of trial and remains unsettled at the time of appeal, a decision by the trial court cannot be plain error." Panarello, 157 N.H. at 209. Here, whether to recognize the defense of an inconsequential or de minimis violation of the criminal code is an issue of first impression. By definition, therefore, the trial court's failure to dismiss the resisting arrest charge, sua sponte, on the basis of such a defense is not plain error. Accordingly, we uphold the trial court's finding that the defendant is guilty of resisting arrest.

The defendant next asserts that the trial court erred by entering his resisting arrest conviction as a class A misdemeanor, instead of a class B misdemeanor, and by imposing a class A misdemeanor sentence, instead of a class B misdemeanor sentence. The State concedes that the trial court erred by entering a class A misdemeanor conviction and imposing a class A misdemeanor sentence. Under these circumstances, we vacate the defendant's sentence and direct the trial court, on remand, to enter his resisting arrest conviction as a class B misdemeanor and to resentence him accordingly.

<u>Affirmed in part; vacated in part; and remanded</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**